IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on February 12, 2015

# FRANCIS L. JOHNSTON, as Trustee of the Mae Charlayne Johnston Revocable Family Trust and as Personal Representative of the Estate of Mae Charlayne Johnston v. CHARLES GLEN "CHUCK" JOHNSTON

### Appeal from the Chancery Court for Bradley County
### No. 2012CV33    Jerri Bryant, Chancellor

_____

### No. E2015-00213-COA-T10B-CV-FILED-FEBRUARY 20, 2015

_____

This is an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the Trial Court's denial of a Motion to Recuse filed during post-judgment proceedings in a case involving a dispute over the validity of a check written against the revocable living trust of the decedent. Having reviewed the petition for recusal appeal filed by the Defendant/Appellant, Charles Glen Johnston ("Defendant"), pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, we affirm the Trial Court.

### Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;
### Judgment of the Chancery Court Affirmed

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, and THOMAS R. FRIERSON, II, J.J., joined.

Charles Glen Johnston, Cleveland, Tennessee, appellant, _pro se._

Sally C. Love, Cleveland, Tennessee, for the appellee, Francis L. Johnston.

### OPINION

The Trial Court entered its final judgment in the proceedings below on February 13, 2013, and an order of clarification on March 11, 2013. The Trial Court found by clear and convincing evidence, following a bench trial conducted on two non-consecutive days in January of 2013, that the $80,000 check at issue was a forgery and that no proof existed to show that the decedent had given permission for Defendant to sign the check in her name. The Trial Court also denied Defendant's counterclaim for damages and assessed court costs

to Defendant. Defendant timely appealed to this Court and the judgment was affirmed in all respects. The case was remanded to the Trial Court for enforcement of the judgment and collection of court costs assessed by the Trial Court. *See generally Johnston v. Johnston*, No. E2013-00525-COA-R3-CV, 2014 WL 890758 (Tenn. Ct. App., Eastern Section, Mar. 6, 2014), *perm. to app. denied* (Tenn. Jun. 20, 2014).

During the remand proceedings, Defendant filed a Motion to Recuse the Chancellor asserting as grounds that the Chancellor never had jurisdiction to hear the case from its inception. Following a hearing, the Chancellor denied the motion by written order entered on January 23, 2015.

## Analysis

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee. Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court." Tenn. Sup. Ct. R. 10B, § 2.05. Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review. The appellate court's decision, in the court's discretion, may be made without oral argument." Tenn. Sup. Ct. R. 10B, § 2.06. While not explicitly stated as such in the rule, it is clear that the only record the appellate court generally will have in expedited appeals under Rule 10B is the record provided by the appellant with his or her petition pursuant to the mandatory language of section 2.03 of the rule.

We have determined in this case after a review of the petition and supporting documents submitted with the petition that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Defendant is insufficient to support a finding of error on the part of the Trial Court. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of the rule.

The record submitted by Defendant with his petition for recusal appeal does not include any affidavit filed in support of the Motion to Recuse, which Rule 10B makes mandatory. See Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials."). Without this necessary part of the record, we cannot conclude that the Trial Court erred in denying the Motion to Recuse.

We emphasize to Defendant that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

In any event, the primary basis for Defendant's claim that the Chancery Court did not have subject matter jurisdiction because, Defendant argues, this suit could have been brought in a United States District Court given the diversity of the parties, lacks any valid legal support. Even if Defendant is correct and this matter could have been brought in a federal court, the Chancery Court still had subject matter jurisdiction. Moreover, even if it might have been error for the Chancery Court to have exercised jurisdiction in this case, any such error would not require recusal of the Chancellor. To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." Id.; see also State v. Reid, 313 S.W.3d 792, 816 (Tenn. 2006).

**Conclusion**

Having determined that the record provided by Defendant is insufficient to support a finding of error on the part of the Trial Court, we affirm the Trial Court's denial of the Motion to Recuse. This case is remanded for further proceedings consistent with this Opinion. Defendant is taxed with the costs of this appeal, for which execution may issue.

_____
D. MICHAEL SWINEY, JUDGE

-3-